■ Edward O'Brien, as Administrator of the Estate of Catherine O'Brien, Deceased, Respondent, v Methodist Hospital of Brooklyn et al., Defendants, and Frank N. Marzullo, Appellant.—In a medical malpractice action, defendant Frank N. Marzullo appeals from an order of the Supreme Court, Kings County, dated March 16, 1979, which denied his cross motion to dismiss the action, pursuant to CPLR 3216, for plaintiff's failure to prosecute the same. Order affirmed, with $50 costs and disbursements. This action was commenced on August 12, 1971, issue was joined by defendant-appellant on November 24, 1971, and the plaintiff's bill of particulars was executed in February, 1974. The appellant served a 45-day notice on May 9, 1975, and the codefendant Methodist Hospital served a 45-day notice on June 3, 1975. Thereafter, both of these defendants moved to dismiss for failure to prosecute by motion returnable September 4, 1975. By order dated October 22, 1975, Special Term, denied the defendants' motion. The order provided: "Upon the foregoing papers this motion by each of two defendants to dismiss for lack of prosecution is denied with $20.00 costs to be paid by each moving defendant. Plaintiff's law firm has been dissolved by death and the firm's dissolution is being litigated. Defendants are stayed from proceeding until new attorneys appearing for plaintiff are properly substituted." No appeal was taken from said order. Thereafter, a second 45-day notice was served on August 4, 1976 by codefendant Methodist Hospital. A motion was subsequently made by that codefendant to dismiss the complaint for failure to prosecute, and the appellant, by cross motion returnable November 3,

1978, moved for similar relief. Both motions were based on the 45-day notice served by Methodist Hospital on August 4, 1976. Prior to any determination, Methodist Hospital withdrew its motion and, on March 16, 1979, appellant's cross motion was denied by Special Term, in an order which stated, *inter alia:* "The delay in prosecuting this action is deemed excusable by the court *solely* because the action involves an alleged wrongful death *and for no other reason*" (emphasis supplied). Although Special Term's conclusion that the delay is deemed excusable solely because the action involves an alleged wrongful death provides no valid basis for a denial of the motion, we must, however, affirm for the following reasons: First, there has been no showing that the order of Mr. Justice Multer staying the defendants from proceeding further, has been vacated, nor that "new attorneys appearing for plaintiff are properly substituted." Second, apart from the inordinate length of three and one-half years between service of appellant's 45-day notice on May 9, 1975 and the return date of his cross motion on November 3, 1978, and two and one-quarter years between service of the codefendant's 45-day notice on August 4, 1976 and the return of the cross motion, it is to be noted that the instant motion is a procedural one which must be determined in accordance with the posture and requirements of CPLR 3216 as the statute read on November 3, 1978, the return date of the cross motion. Effective September 1, 1978, CPLR 3216 (subd [b], par [3]) provided for a 90-day notice as follows: "The court or party seeking such relief, as the case may be, shall have served a written demand by registered or certified mail requiring the party against whom such relief is sought to resume prosecution of the action and to serve and file a note of issue within *ninety days* after receipt of such demand" (emphasis supplied). (See *Cohn v Borchard Affiliations,* 25 NY2d 237, 242-243.) Orderly procedure would have demanded that the appellant apply to the court, a reasonable time after the entry of Mr. Justice Multer's order, for an order vacating the stay and providing that the plaintiff retain new counsel within a period of time to be fixed by the court. Delay could have thus been avoided. Furthermore, appellant could have availed himself of the provisions of CPLR 321 (subd [c]) with respect to the appointment of another attorney. Mollen, P. J., Titone, Rabin, Gulotta and Gibbons, JJ., concur.